CHRISTOPHER ASHWORTH (SBN 54889)
SILICON VALLEY LAW GROUP
A Law Corporation
25 Metro Drive, Suite 600
San Jose, CA 95110
Telephone: (408) 573-5700
Facsimile: (408) 573-5701
Email: ca@svlg.com

FILED

2008 FEB -4 P 3: 33

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADR

E-FILING

Fee Paid

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| AIMEE KLINE, an individual, | CASE NO.: C08-00789 HRL |
| Plaintiff, | COMPLAINT FOR DAMAGES (STRICT PRODUCT LIABILITY) |
| vs. | |
| WILD GAME NG, LLC D/B/A/ THE SIENA HOTEL CASINO & SPA and DOES 1 through 10, inclusive, | |
| Defendant. | |

Plaintiff alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff is, and at all times herein mentioned was an individual, residing in Santa Clara County, and a citizen of the State of California.

2. Defendant Wild Game Ng, LLC [Siena] is, and at all times herein mention was, a limited liability company organized under the laws of the State of Nevada. Siena's principal place of business situated in Reno, Nevada. For diversity purposes, Siena is a citizen of the State of Nevada.

3. Siena was and is engaged in the business of operating a hotel, gaming casino and selling foodstuffs in the stream of interstate and intrastate commerce.

4. Jurisdiction abides in this court because the parties are completely diverse as to citizenship and the amount in controversy exceeds $150,000. Venue is proper here under 28

COMPLAINT FOR MONEY
1

10223155

U.S.C. § 1391(a)(3) in that Siena is amenable to jurisdiction under California's 'long arm" statute, C.C.P. §410.10.

5. Siena advertises extensively for patrons within the State of California and within this District and, *inter alia*, accepts bookings from residents of this district over the telephone and Internet..

## FIRST CLAIM FOR RELIEF

### (Strict Product Liability)

6. At all times herein mention, defendant knew that foodstuffs sold by it would be consumed by humans without inspection for defects.

7. On or about December 28, 2007, Plaintiff consumed an item of food [a hamburger], hereinafter referred to as "the Product" supplied by Siena as the retailer thereof, which Siena knew and intended was to be used by humans to eat without inspection for defects by them.[1]

8. The Product as herein alleged, was defective and unsafe for its intended purposes in that it contained two chunks of metal.

9. On or about December 28, 2007, Plaintiff commenced to consume the Product.[2] In the course of that use, and as a proximate result of the defect herein above described, Plaintiff incurred injury to some of her teeth when they came in contact with the metal.

10. Specifically, Plaintiff has incurred injury to three of her teeth.

11. Caused by the injury to her teeth, plaintiff has had to endure dental remediation and the cost thereof. She faces additional dental remediation and the cost associated therewith

---

[1] Prior to filing any verified denial to paragraphs 7, 8, or 9, counsel for Defendant is enjoined to contact the relevant witnesses at the business premises described in footnote 2. Counsel for Defendant must make an adequate investigation of the facts prior to filing a verified answer. Failure to do an adequate investigation of the facts will result in a demand for sanctions.

[2] The Product was consumed during the course of a meal at the Contrada Cafe operated by the Siena Hotel Casino & Spa in Reno, Nevada. (775) 337-6260. In connection with the incident complained of here, reports were furnished to the manager of the eating establishment involved (Ms. Pebbles) and a senior security employee (Jessie Jenkins).

COMPLAINT FOR MONEY
2
10223155

to at least two of her teeth.

12. Additionally, Plaintiff has endured, and will continue to endure, pain and suffering.[3]

13. The aggregate of Plaintiff's damages exceed $150,000.

WHEREFOR PLAINTIFF PRAYS:

1. For damages in an amount to be proved at trial, but in no event less than $150,000;

2. For costs of suit incurred herein; and

3. For such further relief as may be appropriate.

DATED: February 4, 2008

SILICON VALLEY LAW GROUP
A Law Corporation

By: _____
CHRISTOPHER ASHWORTH

---

[3] Prior to filing any verified denial to paragraphs 9, 10, or 11, counsel for Defendant is enjoined to contact the relevant dental services provider. Counsel for Defendant must make an adequate investigation of the facts prior to filing a verified answer. Failure to do an adequate investigation of the facts will result in a demand for sanctions. The dental remediation performed (and to be performed in the future) have been done/will be done by Dr. Delores W. Eberhart, D.D.S. (650)328-3384. Plaintiff hereby waives any right she may have to dentist/patient confidentiality and direct contact between counsel for Defendant and the dental provider is authorized.

COMPLAINT FOR MONEY
3

10223155