MELISSA L. EXLINE
California State Bar No. 224459
PERRY & SPANN
A Professional Corporation
6130 Plumas Street
Reno, NV 89519
Telephone: (775) 829-2002
Facsimile: (775) 829-1808
Email: mexline@perryspann.com

Attorneys for Defendant
WILD GAME NG, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| AIMEE KLINE, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>WILD GAME NG, LLC d/b/a THE SIENA HOTEL CASINO & SPA and DOES 1 through 10, inclusive,<br><br>        Defendant. | Case No.: C08 00789 HRL<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, LACK OF PERSONAL JURISDICTION, AND IMPROPER VENUE, OR ALTERNATIVELY, MOTION TO TRANSFER VENUE; MOTION TO QUASH SERVICE OF PROCESS; AND MOTION TO DISMISS DUE TO FORUM *NON CONVENIENS***<br><br>Date:  April 15, 2008 (Reserved)<br>Time: 10:00 a.m.<br>Courtroom No: 2, Fifth Floor |

**COMES NOW** Defendant WILD GAME NG, LLC d/b/a THE SIENA HOTEL CASINO & SPA and through its attorneys, PERRY & SPANN, A Professional Corporation, and MELISSA L. EXLINE, ESQ., and hereby files its Motion to Dismiss, pursuant to Rule 12(b)(1), (2) and (3) of the Federal Rules of Civil Procedure and 28 USC § 1406(a), or alternatively, motion to transfer venue pursuant to 28 USC § 1404(a), motion to quash service of process, and moves for dismissal due to forum *non conveniens*.

This Motion is made and based on all the papers and pleadings on file herein, the Memorandum of Points and Authorities with attached Exhibit(s), and other proper evidence.

Case No.: C08 00789 HRL
DEFENDANT'S MOTION TO DISMISS

*LAW OFFICES*
*PERRY & SPANN*
*A PROFESSIONAL CORPORATION*
*6130 PLUMAS STREET*
*RENO, NEVADA 89509*
*(775) 829-2002*

1

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2

PLEASE TAKE NOTICE that on the 15th day of April, 2008, at 10:00 a.m. in Courtroom

3

2 on the fifth floor, located at 280 South First Street, San Jose, California 95113, Defendant

4

WILD GAME NG, LLC d/b/a THE SIENA HOTEL CASINO & SPA (hereafter "Defendant" or

"Siena Hotel") will and hereby does appear specially and moves:

5

(1) to dismiss Plaintiff's Complaint filed on February 4, 2008 for lack of subject matter

6

jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.");

7

and,

8

(2) to dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to

9

Fed.R.Civ.P. 12(b)(2); and,

10

(3) to dismiss the for improper venue pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. §

11

1406(a) or, alternatively, transfer the matter to Nevada as a more convenient forum pursuant to

28 USC § 1404(a); and,

12

(4) to quash service of process due to lack of subject matter and/or personal jurisdiction;

13

and lastly,

14

(5) to dismiss the action based on forum *non conveniens*.

15

Said motion will be based on the this notice of motion, the attached memorandum of

16

points and authorities, oral argument, the pleadings in this action, and all other matters as the

17

Court deems just and proper for consideration.

18

Respectfully submitted this 5th day of March, 2008

19

PERRY & SPANN
A Professional Corporation

20

21

22

MELISSA L. EXLINE, ESQUIRE
California State Bar No. 224459

23

6130 Plumas Street
Reno, NV 89519

24

Attorneys for Defendant,

25

WILD GAME NG LLC dba SIENA
HOTEL, SPA & CASINO

26

27

28

Case No.: C08 00789 HRL
DEFENDANT'S MOTION TO DISMISS

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## TABLE OF CONTENTS

3

I.      INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      1

4

II.     SUBJECT MATTER JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . .      1

5

6

III.    PERSONAL JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      2

7

        A.      General Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      3

8

        B.      Specific Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      5

9

                1.      Lack of Purposeful Availment . . . . . . . . . . . . . . . . . . . . . . .      5

10

11

                2.      Plaintiff's Injury Did not Arise out of Defendant's Website
                        or Advertising . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      7

12

13

                3.      Exercise of Jurisdiction Does not Comport with Fair Play and
                        Substantial Justice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      7

14

IV.     IMPROPER VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .      8

15

V.      FORUM *NON CONVENIENS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     10

16

VI.     MOTION TO QUASH SERVICE OF PROCESS . . . . . . . . . . . . . . . . . . . . .     11

17

VII.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     11

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## TABLE OF CONTENTS

3

**Cases**

4

5

*Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546 (9th Cir. 1987). . . . . . . . . . . . . .  1

6

*Brand v. Menlove Dodge*, 796 F.2d 1070 (9th Cir.1986)  . . . . . . . . . . . . . . . . . . . . . . . . . .  4,5,7

7

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3,5,7

8

*Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240 (9th Cir.1984) . . . . . . . . . . . . . .  4

9

*Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261 (9th Cir. 1992) . . . . . . . . . . . . . . . . .  1

10

*Cubbage v. Merchent*, 744 F.2d 665 (9th Cir.1984)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

11

*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . .  5

12

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280 (9th Cir.1977)  . . . . . . . . . . . .  2,4,3

13

*Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174 (9th Cir.2004)  . . . . . . . . . . . . . . .  2

14

*Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389 (9th Cir.1984) . . . . . . . . . . . . . . . . . . . . . . . . . .  2

15

*Gates Learjet Corp. v. Jensen*, 743 F.2d 1325 (9th Cir.1984) . . . . . . . . . . . . . . . . . . . . . . . .  4

16

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839 (1947) . . . . . . . . . . . . . . . . . . . . . . .  10

17

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122 (9th Cir.2003) . . .  2

18

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984) . . . . . . . . . . . . . . . .  3

19

*Hy Cite Corp. v. Badbusinessbureau.com, LLC* 297 F.Supp.2d 1154 (W.D. Wis. 2004) . . . . . .  6

20

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

21

*Johnson v. Columbia Properties, Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006) . . . . . . . . . . . .  2

22

*Kraft v. Hoskins,*, 311 F.Supp.1404 (E.D.Va.1970)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

23

*Lakeside Bridge & Steel Co. v. Mountain State Constr. Co., Inc.*, 597 F.2d 596 (9th Cir.1979) .  2

24

*Millennium Enters., Inc. v. Millennium Music, LP*, 33 F. Supp 2d 907 (D.Or.1999) . . . . . . . . .  6

25

26

27

28

*Omeluck v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267 (9th Cir. 1995) . . . . . . . . . . . . . . . . 5

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252 (1981) . . . . . . . . . . . . . . . . . . . . . . . . 10

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir.2004) . . . . . . . . . . . . . . 2,3,5

*Shamsuddin v. Vitamin Research Products*, 346 F.Supp.2d 804 (D.Md. 2004) . . . . . . . . . . . . . 6

*Shute v. Carnival Cruise Lines*, 897 F.2d 377 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515 (9th Cir. 1983) . . . . . . . 3,9

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 62 L. Ed. 2d 490, 100 S. Ct. 559
(1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Ziegler v. Indian River County*, 64 F.3d 470 (9th Cir.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Zippo Manufacturing Co.*, 952 F. Supp. 1119 (W.D. Pa. 1997) . . . . . . . . . . . . . . . . . . . . . . . 5,6

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This case arises from an incident on December 28, 2007 when Plaintiff was eating a hamburger at the Contra Cafe, a restaurant inside Defendant WILD GAME NG, LLC d/b/a THE SIENA HOTEL CASINO & SPA's (hereafter "Defendant" or "Siena Hotel") business establishment in Reno, Nevada. The Complaint, filed February 4, 2008, asserts the hamburger contained two pieces of metal that came into contact with Plaintiff's teeth, thereby causing her injury. Plaintiff's Complaint alleged Defendant is liable for strict product's liability as the retailer of the hamburger due to the metal in the hamburger. Complaint ¶¶ 6-11.[1]

### II.   SUBJECT MATTER JURISDICTION

Plaintiff alleges Defendant is "a limited liability company organized under the laws of the State of Nevada;" it's "principal place of business [i]s situated in Reno, Nevada" and, "[f]or diversity purposes, Siena is a citizen of the State of Nevada." Complaint, ¶ 2. Plaintiff further alleges "[j]urisdiction abides in this court because the parties are completely diverse as to citizenship and the amount in controversy exceeds $150,000." Complaint, ¶ 4.

The citizenship of the parties is a jurisdictional fact in diversity actions. The burden is on the plaintiff to plead and prove such facts. *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). "Defects in subject matter jurisdiction may be raised at any time, by the parties or by the court on its own motion, and may never be waived." *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1264 (9th Cir. 1992). Although 28 U.S.C. §1332(c)(1) indicates a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, a limited liability

---

[1]    Plaintiff, by and through Christopher Ashworth (SBN 54889) also filed suit in the Superior Court of California in and for the County of Santa Clara on February 4, 2008, Case No. 108CV104899, against Sysco Food Services of Sacramento, Inc., which complaint contains identical allegations against Sysco Food Services as the "supplier" of the hamburger. Plaintiff's Complaint, Case No. 108CV104899, attached as Exhibit "A."

company is not necessarily a citizen of the state in which it was organized. For purposes of diversity jurisdiction, the limited liability company is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties, Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In the present case, Plaintiff's Complaint does not allege the members of Defendant or their respective places of citizenship. Accordingly, Plaintiff's Complaint fails, on its face, to plead facts necessary to establish subject matter jurisdiction and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1). Additionally, Defendant disputes that the amount in controversy can possibly be as high as Plaintiff contends. Rather, it is more likely than not the amount in controversy does not meet the jurisdictional minimum for diversity.

## III.    PERSONAL JURISDICTION

While Defendant specifically disputes the existence of subject matter jurisdiction in this case, Defendant further moves to dismiss for lack of personal jurisdiction so as to avoid waiver. When a defendant moves to be dismissed under Federal Rules of Civil Procedure 12(b)(2), the plaintiff must make a prima facie showing of personal jurisdiction to survive the motion. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir.2003).

"A federal court has jurisdiction over a diversity case ... only if a court of the state in which the federal court is sitting would have jurisdiction." *Lakeside Bridge & Steel Co. v. Mountain State Constr. Co., Inc.*, 597 F.2d 596, 598 (9th Cir.1979). A plaintiff has the burden of establishing personal jurisdiction over a nonresident defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.2004); *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir.1995); *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir.1984). A plaintiff must establish personal jurisdiction over a defendant with respect to each claim. *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir.2004) ("Personal jurisdiction must exist for each claim asserted against a defendant."(citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289 n. 8 (9th Cir.1977)).

California's long-arm statute permits personal jurisdiction in all instances that would not

violate due process. Cal. Code. Civ. Proc. § 410.10.  "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 800-01.  Accordingly, personal jurisdiction over the Siena Hotel depends on federal due process requirements.  The long-standing rule confers the protections of the Due Process Clause of the United States Constitution which specifically protects the defendant's "liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' " *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).  The Due Process Clause requires that defendants have "certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316; *Data Disc*, 557 F.2d at 1287.  A nonresident defendant can only be subjected to the authority of the forum state if the defendant's conduct and connections with the forum are such that it is reasonably foreseeable that it would be hauled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980).  Courts may find personal jurisdiction under the doctrines of general or specific jurisdiction.

## A.    GENERAL JURISDICTION

A court may exercise general jurisdiction over a defendant when the defendant is a resident or domiciliary of the forum state, or the defendant's contacts with the forum state are continuous, systematic, and substantial. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984); *Schwarzenegger*, 374 F.3d at 801 ("the defendant must engage in continuous and systematic general business contacts ... that approximate physical presence in the forum state" [quotations and citations omitted]).  Thus, the question is whether the Siena Hotel's activities in California are continuous, systematic, and substantial.

Relevant cases on the issue of general jurisdiction demonstrate that analysis as to whether

the contacts were "substantial" is intended to be a fairly high standard. *See, e.g., Helicopteros,* 466 U.S. at 416, 104 S.Ct. at 1873 (no jurisdiction over foreign corporation that sent officer to forum for one negotiating session, accepted checks drawn on a forum bank, purchased equipment from the forum, and sent personnel to the forum to be trained); *Cubbage v. Merchent,* 744 F.2d 665, 667-68 (9th Cir.1984) (no general jurisdiction over Arizona doctors who did not have substantial or continuous and systematic contacts with California where the doctors were not California residents, not licensed in California and did not treat patient/plaintiff in California) cert. denied, 470 U.S. 1005, 105 S.Ct. 1359, 84 L.Ed.2d 380 (1985); *Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1330-31 (9th Cir.1984) (no general jurisdiction over defendants despite several visits and purchases in forum, solicitation of contract in forum which included choice of law provision favoring forum, and extensive communication with forum), cert. denied, 471 U.S. 1066, 105 S.Ct. 2143 (1985); *Congoleum Corp. v. DLW Aktiengesellschaft,* 729 F.2d 1240, 1243 (9th Cir.1984)(where claim arose out of activities in Europe, it would not comport with fair play and substantial justice to assert jurisdiction over West German corporation in California where only contact with California was developing a sales market). *See also Brand v. Menlove Dodge,* 796 F.2d 1070 (9th Cir. 1986) (occasional car sales from Utah to California residents and car sales with knowledge that cars would be resold in California were neither "substantial" nor "systematic and continuous").

Wild Game Ng is a limited liability company (LLC) doing business as the Siena Hotel/Spa & Casino in Reno, Nevada.  The LLC operates three restaurants within the confines of the Hotel/Spa & Casino.  Plaintiff's alleged injury occurred at one of those restaurants, the Contrada Cafe.

Plaintiff's only relevant allegation regarding jurisdiction is that the Siena Hotel accepts bookings, over the internet and by telephone, for persons to become guests at the Reno, Nevada Hotel (though Plaintiff has made no allegation related to the internet booking process, nor has she alleged she even used this system).  This is far from approximating physical presence in

California, which is the legal standard. Indeed, even occasional sales to residents of the forum state are insufficient to create general jurisdiction. *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir.1986). Because the burden rests with Plaintiff to show jurisdiction is proper, it is clear, based on the face of the Complaint, that Plaintiff cannot meet this burden.

## B.    SPECIFIC JURISDICTION

Specific jurisdiction may be found when the cause of action arises out of a defendant's contact with or activities in the forum state. *See Data Disc*, 557 F.2d at 1287. The exercise of specific jurisdiction is consistent with due process only under the following conditions:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.*; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985). All of these requirements must be met for jurisdiction over the defendant to comply with due process. *Omeluck v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995). The plaintiff bears the burden of satisfying the first two prongs, and if either of these prongs is not satisfied, personal jurisdiction is not established. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir.2004).

### 1.    Lack of Purposeful Availment

The first prong, purposeful availment, requires the defendant to engage in some form of affirmative conduct allowing or promoting the transaction of business within the forum state. *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990). Plaintiff apparently proffers the mere existence of a website where reservations for the Siena Hotel can be made is evidence to support a claim there are the necessary minimum contacts. Noticeably missing is any allegation Plaintiff actually used the website. In *Zippo Manufacturing Co.*, adopted by the Ninth Circuit in *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir.1997), the court stated as follows:

> "[T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. This sliding scale is consistent with well-developed personal jurisdiction principles. At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. [Citation.] At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction. [Citation.] The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site."

*Zippo Manufacturing Co.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).

It is true the Siena Hotel maintains a website at www.sienareno.com and it is possible to book hotel rooms via the website. Importantly, however, Defendant's website does not specifically target California residents. *See e.g. Hy Cite Corp. v. Badbusinessbureau.com, LLC* 297 F.Supp.2d 1154, 1160 (W.D. Wis. 2004); *Shamsuddin v. Vitamin Research Products*, 346 F.Supp.2d 804, 810 (D.Md. 2004). In *Millennium Enters., Inc. v. Millennium Music, LP*, 33 F. Supp 2d 907, 921 (D.Or.1999), the Oregon Court held that the middle interactive category requires " 'deliberate action' within the forum state in the form of transactions between the defendant and residents of the forum or conduct of the defendant purposefully directed at residents of the forum state."

In addition, one cannot order any food through the website (nor has Plaintiff alleged she ordered the food that is the subject of the Complaint via use of the website). Plaintiff cannot show Defendant offered the hamburger for sale in California. Plaintiff did not purchase the hamburger in California. Defendant did not deliver the hamburger to California. While Defendant's website does provide information for the Contrada Café and lists the restaurant's menu on-line, Defendant did not introduce the food served in its restaurant into the interstate stream of commerce. Indeed, the food is prepared and served only inside the confines of the Siena, whether in the Contrada Cafe or the Hotel itself. Thus, there is no foreseeability that the

product will enter California and such was not the situation in this case.

It is clear there is no evidentiary basis for concluding that Defendant, simply by accepting hotel reservations via the internet, could have reasonably anticipated being haled into a California court due to its selling a hamburger at its restaurant in Nevada. Clearly, the unrelated and irrelevant factor of the defendant's mildly interactive website is only tangentially related to the jurisdictional analysis. If the allegedly defective product is at issue, then Defendant's website has no bearing on this analysis.

>        **2.    Plaintiff's Injury Did not Arise out of Defendant's Website or Advertising.**

Even assuming, *arguendo,* Plaintiff could establish a substantial connection with California through Defendant's website, which Defendant denies, Plaintiff's cause of action in this case did not arise from booking a reservation on Defendant's website, but from an allegedly defective product purchased at a restaurant inside Defendant's Reno, Nevada establishment. Plaintiff claims she suffered tooth damage due to a piece of metal in a hamburger.

Defendant's website allows users to make online hotel reservations, it does not allow California residents to buy food from defendant's restaurants. Arguably, it would be foreseeable that California residents would use the website to book reservations, and ultimately choose to eat at one of defendant's restaurants. However, it is well-established that this kind of foreseeability in itself cannot serve as the constitutional benchmark for personal jurisdiction. *Burger King v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174 (1985). Simply put, Plaintiff does not show that the claims in this action arise out of or result from Defendant's forum-related activities.

>        **3.    Exercise of Jurisdiction Does not Comport with Fair Play and Substantial Justice**

The question here is whether jurisdiction over the Siena Hotel is reasonable. In *Brand v. Menlove Dodge*, 796 F.2d 1070, 1075 (9th Cir.1986) the Ninth Circuit Court found that because the defendant disputing personal jurisdiction did not engage in affirmative conduct to deliver its product to California, but rather passively made a sale it allegedly knew would affect that state,

the Court concluded that the defendant did not direct its activities purposefully at California so as to create a presumption of reasonableness of jurisdiction in the California courts.

Anyone with access to the internet, either nationally or worldwide, can access information regarding the Siena Hotel–the logical extension of finding personal jurisdiction in this case under the present circumstances is that any such person can then, if personally injured at the hotel, file a lawsuit for personal injury anywhere outside Nevada.  This is turning the law on its head, and the exercise of jurisdiction under these circumstances would simply not be reasonable.

As stated above, Plaintiff filed an action in California Superior Court against the alleged supplier of the hamburger, Sysco Food Services of Sacramento, Inc. for identical injuries. Obviously, Plaintiff did not name Sysco as a defendant in this action because it would have defeated diversity.  As Sysco is purportedly the entity bringing the product into the stream of commerce in Nevada, this action could have been brought in the District Court in Reno, Nevada and/or in Nevada state court against both Sysco and the Siena Hotel.  Such a lawsuit would resolve all claims of liability in one suit.  As it stands now, Sysco could attempt to file a third-party complaint against the Siena Hotel in California and the Siena Hotel could file a third-party complaint against Sysco in the present action.  The existence of the two actions proceeding simultaneously exposes both Sysco and the Siena Hotel to a substantial risk of incurring double, multiple or otherwise inconsistent obligations. *See* Fed.R.Civ.P. 19.

## IV.    IMPROPER VENUE

When the question of venue is raised in civil action based solely on diversity of citizenship, the burden rests on plaintiff to support venue. *Kraft v. Hoskins*,, 311 F.Supp.1404, 1405 (E.D.Va.1970).  By way of paragraph 4 of her Complaint, Plaintiff alleged venue is proper pursuant to 28 U.S.C.A. § 1391(a)(3) because "the Siena is amenable to jurisdiction under . . . C.C.P. §410.10."

28 U.S.C.A. § 1391(a) states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought

> only in (1) a judicial district where any defendant resides, if all
> defendants reside in the same State, (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim
> occurred, or a substantial part of property that is the subject of the
> action is situated, or (3) a judicial district in which any defendant is
> subject to personal jurisdiction at the time the action is
> commenced, **if there is no district in which the action may
> otherwise be brought**. (emphasis added).

Plaintiff can resort to subparagraph (3) only "if there is no district in which the action may otherwise be brought." In this case, under either subparagraph (1) or (2), the action could have been brought in the [Northern] District of Nevada since Defendant is a limited liability company doing business as the Siena Hotel/Spa & Casino in Reno, Nevada, and the alleged injury occurred while Plaintiff was eating a hamburger at Defendant's restaurant in Reno, Nevada.

Plaintiff's Complaint fails to allege Defendant conducts substantial activities in the Northern District of California or purposefully avails itself of doing business in Northern District of California. Defendant does not "reside" in the Northern District of California and no events or omissions giving rise to Plaintiff's claim occurred in the Northern District of California.

> The district court of a district in which is filed a case laying venue
> in the wrong division or district *shall dismiss*, or if it be in the
> interest of justice, transfer such case to any district or division in
> which it could have been brought.

28 U.S.C. § 1406(a) [emphasis added].

District Courts often dismiss a case, rather than transfer it under Section 1406(a), if the plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper and that similar conduct (blatant forum shopping) should be discouraged. *See Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983), *cert. denied*, 104 S.Ct. 1446, 465 U.S. 1081 (1984). At a minimum, Defendant urges the Court, for the reasons stated above, to transfer the case to the District of Nevada pursuant to 28 U.S.C. § 1404(a) as the more convenient forum.

///

1

## V.  FORUM *NON CONVENIENS*

2       Because California is an inconvenient forum to litigate the pending lawsuit, it is proper to

3   dismiss the action based on forum *non conveniens*.  In a motion to dismiss for forum *non*

4   *conveniens*, a court should consider both private and public interest factors.  *Piper Aircraft Co. v.*

5   *Reyno*, 454 U.S. 235, 254, 102 S.Ct. 252, 266 (1981).  Private factors include the relative ease of

6   access to sources of proof; availability of compulsory process for attendance of unwilling

7   witnesses, and the cost of obtaining attendance of willing witnesses; possibility of view of

8   premises, if view would be appropriate to the action; and all other practical problems that make

9   trial of a case easy, expeditious, and inexpensive. *Id.* 454 U.S. at 241, 102 S.Ct. at 259; citing

10  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843 (1947).

11      Public factors include the administrative difficulties flowing from court congestion; the

12  local interest in having localized controversies decided at home; the interest in having the trial in

13  a forum that is at home with the law that must govern the action; the avoidance of unnecessary

14  problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening

15  citizens in an unrelated forum with jury duty.  The longstanding rule regarding forum *non*

16  *conveniens* is that dismissal will ordinarily be appropriate where trial in the plaintiff's chosen

17  forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to

18  offer any specific reasons of convenience supporting his choice. *Piper*, 454 U.S. 235, 249, 102

19  S.Ct. 252, 262.

20      "At the outset of a forum *non conveniens* inquiry, the court must determine whether there

21  exists an alternative forum." *Id.*, 454 U.S. 235, 255, n. 22 (citations omitted).  Here, there is no

22  question Nevada can serve as an appropriate forum for Plaintiff's action.  Plaintiff was physically

23  present in Nevada when she ate the hamburger.  In looking at the private factors, there is

24  unquestionably better ease of access to sources of proof in Nevada.  First, the likely witnesses are

25  located in, and likely reside in, Nevada.  Defendant's employees are all in Nevada.  The alleged

26  supplier of the product delivered the product to the Reno, Nevada location.  It will be

27

28

Case No.: C08 00789 HRL
DEFENDANT'S MOTION TO DISMISS
                                            10

1  unquestionably easier to compel process for attendance of unwilling witnesses in Nevada. It is

2  obvious that all other practical problems that make trial of a case "easy, expeditious, and

3  inexpensive" will be better served by having the dispute resolved in a Nevada court. All of the

4  above factors favor dismissing the action for the additional reason of forum *non conveniens*.

5  ## VI.   MOTION TO QUASH SERVICE OF PROCESS

6       Defendant's Nevada Resident Agent, Kathleen McDermott, was personally served on

7  February 5, 2008 in Reno, Nevada with a Summons and copy of the Complaint. However,

8  because there is no subject matter jurisdiction or personal jurisdiction over Defendant, Defendant

9  is not subject to the jurisdiction of this Court. *See* Fed.R.of Civ.P. 4(e), (h), and (k).

10  Accordingly, Defendant requests service of process be quashed.

11  ## VII.   CONCLUSION

12       Plaintiff's Complaint fails to assert the necessary facts to establish diversity jurisdiction.

13  Based upon this reason alone, the Complaint should be dismissed.

14       In addition, there is neither general nor special jurisdiction over the Nevada company

15  whose sole business endeavor is located in Reno, Nevada. Plaintiff seeks to base jurisdiction

16  over the Siena Hotel on meager and insufficient contacts by Defendant with California as the

17  Plaintiff's choice of forum. It is clear, personal jurisdiction cannot be shown, either generally or

18  specifically, requiring dismissal of this case.

19       Because there is neither subject matter nor personal jurisdiction, Defendant request the

20  service of summons be quashed.

21       Finally, Defendant claims the venue selected by Plaintiff is improper and inconvenient

22  and for those reasons too, the Complaint should be dismissed.

23  /// 

24  /// 

25  /// 

26  /// 

27  

28  

Case No.: C08 00789 HRL
DEFENDANT'S MOTION TO DISMISS

1        Only in the event the Court determines there is subject matter and personal jurisdiction,

2    Wild Game respectfully requests the Court to transfer venue to the District of Nevada, Reno,

3    pursuant to 28 U.S.C.A. §§ 1404(a) and/or 1406(a).

4        Respectfully submitted this 5th day of March, 2008

5                              PERRY & SPANN
                            A Professional Corporation

6

7

8                              MELISSA L. EXLINE, ESQUIRE

9                              California State Bar No. 224459
                          6130 Plumas Street

10                             Reno, NV 89509

11                             Attorneys for Defendant,
                          WILD GAME NG LLC dba SIENA

12                             HOTEL, SPA & CASINO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: C08 00789 HRL
DEFENDANT'S MOTION TO DISMISS

12

1

## CERTIFICATE OF MAILING

2

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify under

3

penalty of perjury that I am an employee of the law firm of Perry & Spann, and that on the 5th

4

day of March, 2008, I caused to be served, via electronic means and U.S. Mail, a true and correct

5

copy of the foregoing ***DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS***

6

***FOR LACK OF SUBJECT MATTER JURISDICTION, LACK OF PERSONAL***

7

***JURISDICTION, AND IMPROPER VENUE, OR ALTERNATIVELY, MOTION TO***

8

***TRANSFER VENUE; MOTION TO QUASH SERVICE OF PROCESS; AND MOTION TO***

9

***DISMISS DUE TO FORUM NON CONVENIENS*** addressed to counsel of record at their last

10

known addresses as follows:

11

12

    Christopher Ashworth, Esq.
    SILICON VALLEY LAW GROUP

13

    25 Metro Dr., Ste. 600
    San Jose, CA 95110

14

15

    By: _____

16

        An employee of Perry & Spann

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: C08 00789 HRL
DEFENDANT'S MOTION TO DISMISS

# EXHIBIT A

# EXHIBIT A

1 │ CHRISTOPHER ASHWORTH (SBN 54889)
  │ SILICON VALLEY LAW GROUP
2 │ A Law Corporation
  │ 25 Metro Drive, Suite 600
3 │ San Jose, CA 95110
  │ Telephone: (408) 573-5700
4 │ Facsimile: (408) 573-5701
  │ Email: ca@svlg.com
5 │
6 │
7 │
8 │                    SUPERIOR COURT OF CALIFORNIA
9 │              IN AND FOR THE COUNTY OF SANTA CLARA
10 │ AIMEE KLINE, an individual,              )    CASE NO.: 1 0 8 C V 1 0 4 8 9 9
   │                                          )
11 │                       Plaintiff,         )    VERIFIED COMPLAINT FOR
   │                                          )    DAMAGES (STRICT PRODUCT
12 │        vs.                               )    LIABILITY)
   │                                          )
13 │ SYSCO FOOD SERVICES OF SACRAMENTO,       )
   │ INC., a corporation, and DOES 1 through 10, )
14 │ inclusive,                               )
   │                                          )
15 │                       Defendant.         )
   │                                          )
16 │ ───────────────────────────────────────
17 │    Plaintiff alleges as follows:
18 │                           FIRST CAUSE OF ACTION
19 │        1.    Plaintiff is, and at all times herein mentioned was an individual, residing in Santa
20 │ Clara County.
21 │        2.    Defendant is, and at all times herein mention was, a corporation with its principal
22 │ place of business situated in Pleasant Grove, County of Sutter, California, and its corporate
23 │ offices located in Houston, Texas.
24 │        3.    Defendant was and is engaged in the business of distributing foodstuffs in the
25 │ stream of interstate and intrastate commerce.
26 │        5.    Defendant does business within this County.
27 │        6.    At all times herein mention, defendant knew that its foodstuffs would be
28 │ consumed by humans without inspection for defects.

                              VERIFIED COMPLAINT
10223118                              1

ENDORSED FILED
08 FEB -4 PM 3: 29
G. Duarte
CHIEF EXECUTIVE OFFICER CLERK
SUPERIOR COURT OF CA.
COUNTY OF SANTA CLARA
BY:_____ DEPUTY

1    7.    On or about December 28, 2007, Plaintiff consumed an item of food [a

2    hamburger], hereinafter referred to as "the Product" supplied by defendant, which defendant

3    knew and intended was to be used by humans to eat without inspection for defects by them.[1]

4    8.    The Product as herein alleged, was defective and unsafe for its intended purposes

5    in that it contained two chunks of metal.

6    9.    On or about December 28, 2007, Plaintiff commenced to consume the Product.[2]

7    In the course of that use, and as a proximate result of the defect herein above described, Plaintiff

8    incurred injury to some of her teeth when they came in contact with the metal.

9    10.    Specifically, Plaintiff has incurred injury to three of her teeth.

10    11.    Caused by the injury to her teeth, plaintiff has had to endure dental remediation

11    and the cost thereof. She faces additional dental remediation and the cost associated therewith

12    to at least two of her teeth.

13    12.    Additionally, Plaintiff has endured, and will continue to endure, pain and

14    suffering.[3]

15    13.    The aggregate of Plaintiff's damages exceed $150,000.

16

17
_____

18    [1] Prior to filing any verified denial to paragraphs 7, 8, or 9, counsel for Defendant is
enjoined to contact the relevant witnesses at the business premises described in footnote 2.

19    Counsel for Defendant must make an adequate investigation of the facts prior to filing a verified
answer.    Failure to do an adequate investigation of the facts will result in a demand for

20    sanctions.

21    [2] The Product was consumed during the course of a meal at the Contrada Cafe operated

22    by the Siena Hotel Casino & Spa in Reno, Nevada. (775) 337-6260. In connection with the
incident complained of here, reports were furnished to the manager of the eating establishment

23    involved (Ms. Pebbles) and a senior security employee (Jessie Jenkins).

24    [3] Prior to filing any verified denial to paragraphs 9, 10, or 11, counsel for Defendant is
enjoined to contact the relevant dental services provider. Counsel for Defendant must make an

25    adequate investigation of the facts prior to filing a verified answer. Failure to do an adequate

26    investigation of the facts will result in a demand for sanctions. The dental remediation performed
(and to be performed in the future) have been done/will be done by Dr. Delores W. Eberhart,

27    D.D.S. (650)328-3384. Plaintiff hereby waives any right she may have to dentist/patient
confidentiality and direct contact between counsel for Defendant and the dental provider is

28    authorized.

10223118

VERIFIED COMPLAINT
2

1  WHEREFOR PLAINTIFF PRAYS:

2      1. For damages in an amount to be proved at trial, but in no event less than $150,000;

3      2. For costs of suit incurred herein; and

4      3. For such further relief as may be appropriate.

5
   DATED: February 4, 2008          SILICON VALLEY LAW GROUP
6                              A Law Corporation

7

8                             By:_____
                               CHRISTOPHER ASHWORTH

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFIED COMPLAINT**
3